WARREN FELT v. SCHOOL DISTRICT NO. 2, IN ROCKINGHAM.

*Book Account. Agent.*

Where a School District employed the plaintiff to superintend the repairs of a School House, they knowing his habits and ability in this respect, it was held, that the plaintiff was entitled to recover for the work what it was worth to him, to do it.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows:

That plaintiff was chosen by the defendants to superintend the repairing of defendants' school house, and that plaintiff's account amounting to over $70, was for said repairs, and that the repairs made were necessary, that an ordinarily skilful and shrewd man would have made the repairs for $50, or $55. That the plaintiff acted in good faith in what he did do, and with as much skill and shrewdness as he exercised in the management of his own affairs, that his want of skill and shrewdness was known to the defendants when plaintiff was chosen agent. That plaintiff was present at

XXIV.        20

the school meeting when he was chosen agent, and that said meeting at the time voted " to raise not to exceed $60, to repair said school house." The auditor found the sum of $66,29 of plaintiff's account to have accrued under his agency, and the sum of $6,17 for work done at the request of the prudential committee of said school district, after plaintiff had done all that he felt authorized to do under his agency. The county court render judgment on the report for plaintiff to recover both sums.

Exceptions by defendants.

*A. Stoddard & G. B. Kellogg* for defendants.

Insisted that plaintiff was restrained by the vote of the school district to the sum of $60, and that he could only recover for the amount the service was worth to the defendants. Also, that the meeting, October 27th, 1848, was not legally warned.

*Stoughton & Baxter* for plaintiff.

Insisted that plaintiff was entitled to recover such sum, as the expenditures and services were reasonably worth to the plaintiff. That the vote of the district simply limited the prudential committee in the assessment, and not the costs of repairing the school house. *Rogers* v. *Danby Univ. Soc.*, 19 Vt. 187.

That agent might do the work himself and recover in this form of action. *Sawyer* v. *Meth. Epis. Soc. in Royalton*, 18 Vt. 405, and 19 Vt. 187.

That plaintiff's want of skill, &c., was known to defendants at the time they appointed him agent, and the loss, if any, must fall upon defendants. Story on Bailments, § 435.

BY THE COURT. It does not appear, that any exception was taken, either before the auditor, or in the county court, in regard to the regularity of the school meeting the 27th of October, 1848. We think that being the case, and no such question being on the face of the report stated by the auditor, it is too late to raise the objection here. If it had been taken before the auditor, it might have been obviated by proof, and the presumption must now be, that such would have been the case.

In regard to the right to recover for the work what it was worth to plaintiff to do it, we see no objection. He was employed by the

district "to superintend the repairs of the school house;" he did it in good faith and with as much diligence and skill, as he did his own business, or as the district had any just ground to expect of him, knowing his habits and ability in this respect. We think when one employs an agent, knowing his incompetency, if he does his best, he is entitled to compensation. We understand the county court entered judgment for that sum and the other items allowed by the auditor, about which there is no dispute, (although we have not been furnished with any copy of the exceptions allowed by the county court.)

The plaintiff certainly was not bound to job the work and it does not appear, that if he had hired it done by others, it would finally have cost less. Men who are deficient in "shrewdness and skilfulness," as the auditor expresses the plaintiff's deficiences, are quite as likely to do work themselves reasonably cheap, as they are to get it done by others under their management and control.

Judgment affirmed.